IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1898.

SALLIE C. MUNYON v. THE STATE.

Argued February 15, 1898—Decided February 4, 1899.

An indictment charged two persons with acts of violence upon a pregnant
woman, with intent to cause her miscarriage. The Sessions, on the
application of the state, directed a severance and proceeded to try one
of the defendants. The woman alleged to have been injured was
called as a witness on behalf of the state. She was sworn without ob-
jection, but it subsequently appearing that she had married the other
defendant, her competency to testify was challenged by the defendant
on trial, and an exception was sealed to the refusal of the court to
exclude her. *Held*—
1. That she was a competent witness and there was no error in refusing
to exclude her.
    In the course of her testimony she testified to acts of her husband
from which his guilty connection with the act charged, although he
was not present, might be inferred and the testimony was received
without objection. *Held*—
2. That the defendant on trial did not suffer manifest wrong or injury
by the unchallenged admission of that evidence.

On error.

VOL. XXXIII.                    1

Before MAGIE, CHIEF JUSTICE, and Justices GUMMERE and LUDLOW.

For the plaintiff in error, *John W. Wescott* and *Thomas W. Trenchard.*

For the defendant, *William A. Logue.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.    It appears by the record and bills of exception that the plaintiff in error was indicted with one Howard Tyler, and the indictment charged that both did certain acts with intent to cause one Agnes Kates, a pregnant woman, to miscarry.

When the indictment was moved for trial, the Sessions of Cumberland county, on the motion of the prosecutor, directed a severance of the indictment and permitted the prosecutor to proceed first with the trial of the charge against plaintiff in error.

To sustain the charge the prosecutor called Agnes Kates as a witness, who was duly sworn without objection. Afterwards the counsel of plaintiff in error announced that they desired to examine the witness as to her competency, and no objection being interposed they were permitted to prove that she had, since the indictment was found, been married to Howard Tyler, the other defendant in the indictment. Thereupon the counsel of plaintiff in error contended that the witness was incompetent to testify in the cause, and objected to her being examined at all. The court permitted her to testify, and an exception was taken and sealed.

The record of the whole proceedings on the trial, certified to by the trial court, has been brought here with this writ, by which it appears that the witness was permitted to testify and did testify that plaintiff in error performed an operation upon witness when they were alone together. She also testified that Tyler arranged the meeting between her and plaintiff in error, though not present at it, and that he furnished the money which was paid plaintiff in error for her services.

No objection was made to the evidence given by the witness which tended to show the connection of witness' husband with the act done by plaintiff in error.

Upon this plaintiff in error now claims that there was error in permitting the witness Agnes to testify at all, or if not, that plaintiff in error suffered manifest wrong and injury by the evidence given by her against Tyler, although that evidence was not objected to.

There was no legal error in the ruling of the court as to the competency of the witness. After severance of an indictment which has been found against more than one person, upon the trial of one defendant, another defendant is a competent witness. *State* v. *Brien,* 3 *Vroom* 414; *Noyes* v. *State,* 12 *Id.* 418; *S. C.,* 14 *Id.* 672.

When persons are separately indicted for the same crime, one of them is undoubtedly a competent witness for or against the other. The ground upon which a severance, in the case of persons jointly indicted, is urged upon the court is generally this, that thereby the state or the accused who shall be put upon his separate trial may call as a witness any other defendant, or the wife or husband of any other defendant. 1 *Bish. Cr. Pro.,* § 960. Therefore, Howard Tyler was a competent witness on the trial of plaintiff in error. His wife was equally competent.

The objection intended to be raised was rather to the admissibility of the evidence of the witness than to her competency to testify. It is argued here that the evidence of the criminal act of plaintiff in error, given by the witness, was inadmissible because it was coupled with evidence from her incriminating her husband in respect to the same act. It is further urged that, although this objection was not presented to the trial court and its admission of the evidence was not excepted to, yet that this court should relieve plaintiff in error from the verdict because, by that course of the trial, she suffered manifest injury.

The general rule of the common law excluded husbands and wives from testifying for or against each other in any

criminal proceedings to which either was a party. This was but a branch of the common law rule that declared those who had an interest in the suit as parties to be incompetent witnesses, and the husbands and wives of parties were declared equally incompetent because they were considered as the same persons in law. *Bac. Abr., tit. "Evidence,"* a 1 ; *Best Prin., &c.,* 173 ; 2 *Tayl. Ev.,* § 1362.

But at common law there was a marked exception to the rule, and when the criminal prosecution was for a personal injury to one married person by the other, the injured one was competent to testify against the other. 2 *Tayl. Ev.,* § 1371 ; *Rosc. Cr. Ev.,* § 115.

Some curious distinctions are found in the books in respect to what acts are or are not personal injuries. But it has never been doubted that any act involving a direct injury to the person was within this exception to the general rule.

When, in 1870, by the legislation now contained in section 5 of the Evidence act (*Gen. Stat., p.* 1398), husbands and wives of parties to suits were made competent and compellable to give evidence therein, a proviso excluded from the operation of the act criminal actions or proceedings. But this in no respect altered the common law with regard to the competency of married persons to give testimony in such proceedings as fell within the exception to the general rule, because, in those proceedings, the competency of the witness was established, not by the act, but by the antecedent common law.

The case before us tends to show an act of direct violence to the person of the witness for the purpose charged in the indictment. Had the act been committed by the husband in person, it admits of no doubt that his wife would be a competent witness on the trial of the indictment against him. That the act was done by his command and direction could well be inferred from the evidence. The like reason would make his wife a competent witness on the trial of the indictment against him for the act done by his agency. In Lord Audley's case a wife was admitted to testify against a hus-

band who aided another to commit a rape on her. 3 *How. St. Tr.* 414.

One reason for the common law rule excluding the husbands of wives of parties from being witnesses, was said to be " the implacable dissension which might be caused by it." *Bac. Abr., tit. "Evidence," a* 1. But the public policy which was concerned in preserving the peace of families gave way before the necessity of affording protection to an injured married person by punishing the husband or wife engaged in inflicting the injury. The exception to the rule arose out of necessity, and under it the injured wife became a competent witness against her husband. It would border on the absurd if the rule should be applied so as to exclude the injured wife from testifying against her husband's accomplice.

But it is urged that if it be admitted that the husband was not a party to the proceeding so as to render his wife an incompetent witness, and that she might testify against the accomplice, yet that the testimony incriminating the husband was inadmissible. This contention is put upon doctrine established in this court, that a husband or wife cannot testify, in a collateral proceeding, to directly charge the other with crime. This doctrine rests upon the ground of public policy, and will even apply to cases where the direct charge can produce no prejudicial effect. *Stewart* v. *Johnson,* 3 *Harr.* 87 ; *State* v. *Wilson,* 2 *Vroom* 77. But it has been determined by the Court of Errors that evidence on the part of a husband or wife, in a proceeding between others, will be admissible to prove facts tending to the disgrace of the other, provided the evidence does not make manifest an indictable offence. *Hunter* v. *State,* 11 *Vroom* 495 ; *Ware* v. *State,* 6 *Id.* 554.

It is open to question whether the evidence of the witness did manifest a crime on the part of her husband. Whether it did or not depended on the inference to be drawn in respect to his knowledge of the purpose of the meeting between witness and plaintiff in error, for which he arranged, and of the character of the services for which he paid. He was called as a witness and denied such knowledge.

But if it be assumed that the evidence in question did not merely tend to impute but did charge crime, the case stands thus: The crime charged in the indictment might have been committed by either or both of the accused. The indictment after severance could be established by proof of the guilt of plaintiff in error. The evidence of the wife was to the effect that plaintiff in error performed the criminal operation when alone with her, which was supported by corroborations from indifferent witnesses, and, if believed, established the guilt of the accused who was on trial. In the case of *State* v. *Wilson*, *supra*, the evidence of the husband against the accused paramour, if believed, necessarily established the guilt of the wife. But in the case before us the crime of the husband was not made out by the evidence against plaintiff in error. The evidence admitted against him was of independent, unrelated facts which, if they justified the inference of guilt, fixed his connection with the crime as that which, in felony, would be of an accessory, and, in misdemeanor, of a principal. Plaintiff in error did not, in my judgment, suffer manifest wrong or injury by the admission of that evidence, for, if the evidence against her was credited, it was entirely immaterial whether she did the act of her own volition or by his procurement.

The result is that plaintiff in error is not entitled to be relieved of the verdict on this ground.

The other objections respecting the admission and rejection of testimony and the charge of the court, have all been examined and none have been found of substance.

The judgment must be affirmed.